THATCHER v. GOTTLIEB.

(Circuit Court, D. Colorado. February 18, 1893.)

STATUTORY NEW TRIAL—FOLLOWING FORMER DECISION ON WRIT OF ERROR.

Where, on a new trial to determine the title and right of possession of land, under a state statute giving a right to a new trial in such cases, the material facts, as disclosed by the evidence, are substantially the same as the facts on the former trial, and substantially as the facts before the circuit court of appeals on the review of such former trial, the case will be disposed of as indicated by the appellate court.

At Law. Action by Lewis C. Thatcher against Joseph Gottlieb to determine the title and right of possession of land. Plaintiff's motion for a new trial denied.

For decision of circuit court of appeals on writ of error on a judgment entered on a former trial, see 51 Fed. Rep. 373, 2 C. C. A. 278.

V. D. Markham and J. W. Mills, for plaintiff.

R. T. McNeal, for defendant.

RINER, District Judge. This case is before the court on motion for a new trial. The case has been three times tried in this court and once in the court of appeals. The first trial resulted in a finding in favor of the plaintiff, and the defendant took a new trial under the statute. On the second trial of the case, judgment having been entered in favor of the plaintiff, the defendant carried the case to the court of appeals, (51 Fed. Rep. 373, 2 C. C. A. 278,) where the judgment of the circuit court was reversed, with directions to enter a judgment for the defendant, which was done, and thereupon the plaintiff took a new trial under the statute, and the case came on again for trial before this court and a jury at the November, 1892, term. At the conclusion of the evidence the court directed the jury to return a verdict for the defendant, which action of the court is now assigned for error, and is made the basis for this motion.

Since the motion was argued, I have examined very carefully the transcript of the record before the court of appeals, and am satisfied that the material facts as disclosed by the evidence upon this trial are substantially the same as they were upon the former trial before this court, and substantially the same as the facts before the court of appeals. When that court held the facts sufficient as a basis for an opinion directing a verdict for the defendant, did it not, in effect, say that the same facts, when again offered in evidence, would be again held sufficient to sustain a like opinion? I think there can be but one answer to this question. In the concluding part of the opinion the court of appeals say:

"Even if it be true that the conveyance made by Annie C. McCormick to Lewis Thatcher terminated the right of the trustee to sell the property, as was held by the trial court,—a question upon which we express no opinion, —it is nevertheless entirely clear that Gottlieb relied upon the advice given him by counsel that the note secured by the trust deed could be lawfully levied upon and sold under execution, and believed that the purchase of the note gave him the right to subject the land to sale for the purpose of paying the debt evidenced thereby. In our judgment, the facts found justify but one conclusion, and that is that, in paying the taxes upon the land since 1879, Gottlieb was clearly acting under color of title obtained in good faith, and has thus become entitled to the land under the provisions of the statute of Colorado."

The facts being substantially the same upon this trial, I think it was clearly the duty of the court to direct a verdict for the defendant. The motion for a new trial will be denied, a judgment entered upon the verdict, and the plaintiff allowed 60 days within which to prepare and present a bill of exceptions for allowance.